J. Brett Busby, Justice
The State filed a civil petition to commit appellant Bobby Lee Harris for involuntary treatment and supervision as a sexually violent predator. Tex. Health & Safety Code Ann. §§ 841.001 -.151 (West 2017). The jury found that appellant is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Appellant appeals, raising three issues. In his first and second issues, appellant argues the evidence at trial was legally and factually insufficient because there was little, if any, evidence that his future acts of sexual violence *325 would be predatory. We conclude the evidence is legally and factually sufficient to support the jury's finding that appellant is predisposed to commit a sexually violent offense such that he becomes a menace to another, which means the evidence is also sufficient that appellant is likely to engage in a predatory act. In his third issue, appellant argues a trial court cannot grant a partial directed verdict on the element that he is a repeat sexually violent offender because there is a conflict between the Texas Rules of Civil Procedure, which provide for directed verdicts, and the Sexually Violent Predators Act, which provides that the jury determines whether the person is a sexually violent predator beyond a reasonable doubt. We conclude that there is no conflict and a trial court may render a partial directed verdict on the element of whether the defendant is a repeat sexually violent offender. We therefore affirm the judgment.
BACKGROUND
A. The Texas Civil Commitment of Sexually Violent Predators Act
In 1999, the Legislature enacted the Civil Commitment of Sexually Violent Predators Act (SVP Act), which provides for the civil commitment of sexually violent predators based on legislative findings that "a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence." Tex. Health & Safety Code Ann. § 841.001. The Legislature found it was in the interest of the State to provide a civil commitment procedure for the long-term supervision and treatment of sexually violent predators. Id.
Under the SVP Act, a person is a sexually violent predator (SVP) if the person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Id. § 841.003(a). Before the State files suit, a person must be administratively determined to be a sexually violent predator. Id. §§ 841.021-.023; In re Commitment of Bohannan , 388 S.W.3d 296, 298 (Tex. 2012). Once the administrative determination is made, notice is given to an attorney representing the State. See ids="7094758" index="6" url="https://cite.case.law/sw3d/388/296/#p298">id.
After June 17, 2015, an attorney representing the State may file the civil-commitment proceeding in the court of conviction for the person's most recent sexually violent offense. Tex. Health & Safety Code § 841.041(a). Previously, all SVP cases were filed in Montgomery County, and judgments of civil commitment were appealed to the Beaumont Court of Appeals. See Bohannan , 388 S.W.3d at 299. This is the among the first SVP decisions by our Court in an appeal not heard by transfer from the Beaumont Court of Appeals.
B. Appellant's trial
In September 2015, the State filed suit against appellant in Harris County, seeking a determination that appellant is a sexually violent predator under the SVP Act and subject to civil commitment. The State's expert, Dr. Darrell Turner, evaluated appellant and testified it was his opinion that appellant suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence. Dr. Turner testified that appellant has four convictions for aggravated sexual assault of a ten-year-old child. Appellant told Dr. Turner that he believed the ten-year-old child was actually a 20- or 21-year-old woman who received shots in her abdomen that made her look like a ten-year-old child. Dr. Turner explained there were times in his interview of appellant *326 that appellant appeared delusional, but at other times it was difficult to determine whether appellant was delusional or being dishonest. Even if appellant was delusional, Dr. Turner still believed he was suffering from a behavioral abnormality.
Dr. Turner also testified to uncharged sexual offenses by appellant against three other children in the 1990s. Appellant had a long-term sexual relationship with a 14-year-old girl. The other two victims were appellant's four-year-old daughter and the five-year-old daughter of the woman appellant was living with at the time.
Dr. Turner diagnosed appellant with sexual deviance, pedophilia, psychotic disorder not otherwise specified, antisocial personality disorder, and substance abuse. Dr. Turner could not complete the Psychopathy Checklist Revised, which is a checklist designed to identify whether a person has psychopathic traits and to what degree, because he found it difficult to determine whether appellant's statements were psychopathic or delusional. But Dr. Turner testified that he believed, based on his experience and training, appellant was a psychopath.
Dr. Turner testified to appellant's risk of re-offending. Appellant scored a one on the Static-99R, which is an actuarial instrument that measures the risk of re-offending. Although appellant had a low score, Dr. Turner did not believe it accurately reflected appellant's risk because there are variables that are not considered in the Static-99R. Dr. Turner testified appellant had the two biggest risk factors for re-offending: sexual deviance and antisocial personality disorder. Dr. Turner concluded appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act.
Appellant testified that while he was in prison, he said he needed to see the psychiatric department so he could get out of solitary confinement. He testified he has not been on the prison's psychiatric caseload since 2005. Appellant testified about his confession to the aggravated sexual assault charges. He claimed that his four-year-old daughter and the five-year-old daughter of the woman he was living with had committed sexual offenses against him and were part of a sex ring. He testified he did not know the age of the 14-year-old until around the time of her fifteenth birthday.
The defense also presented an expert witness, Dr. Marisa Mauro. She testified that there is no indication a delusional disorder has a statistical correlation with someone's likelihood of committing a sexual offense.
The State moved for a directed verdict on the element that appellant is a repeat sexually violent offender. Appellant objected, arguing that the jury is required to determine this element beyond a reasonable doubt. The trial court overruled appellant's objection and granted the motion. As a result, the charge focused the jury on the element of whether appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.
The jury found that appellant is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Appellant filed a motion for new trial, arguing the evidence was legally and factually insufficient and that it was error to grant the motion for directed verdict on the element of whether he is a repeat sexually violent offender. The motion was overruled by operation of law. See Tex. R. Civ. P. 329b(c). This appeal followed.
ANALYSIS
I. The evidence supports the jury's finding of a behavioral abnormality.
Appellant argues in his first and second issues that the evidence is legally *327 and factually insufficient to support the jury's finding beyond a reasonable doubt that appellant has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Specifically, appellant argues, there is very little if any testimony that any acts appellant might commit would be considered "predatory" as defined in Chapter 841.[1] The State responds that whether appellant's future acts of sexual violence would be predatory is not an element the State must prove.
A. Standard of review and applicable law
The commitment of a person as a sexually violent predator is a civil proceeding. In re Commitment of Fisher , 164 S.W.3d 637, 645-53 (Tex. 2005). Because the Act requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator,[2] however, we review the legal sufficiency of the evidence using the appellate standard of review for criminal cases. In re Commitment of Dever , 521 S.W.3d 84, 86 (Tex. App.-Fort Worth 2017, no pet.) ; In re Commitment of Mullens , 92 S.W.3d 881, 885 (Tex. App.-Beaumont 2002, pet. denied) (citing Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ). We consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found beyond a reasonable doubt the elements required for commitment. Mullens , 92 S.W.3d at 885. The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. Id. at 887.
Although factual sufficiency review has been abandoned in criminal cases, see Brooks v. State , 323 S.W.3d 893, 895 (Tex. Crim. App. 2010), as an intermediate appellate court with final authority over factual sufficiency challenges in civil cases, we will perform a factual sufficiency review in SVP Act cases when the issue is raised on appeal. Dever , 521 S.W.3d at 86 (citing In reCommitment of Day , 342 S.W.3d 193, 206-13 (Tex. App.-Beaumont 2011, pet. denied) ). Under a factual sufficiency review, we consider "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." In reDay , 342 S.W.3d at 213. We "view all of the evidence in a neutral light and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt." In re Commitment of Wirtz , 451 S.W.3d 462, 464 (Tex. App.-Houston [14th Dist.] 2014, no pet.) (quoting In re Commitment of Gollihar , 224 S.W.3d 843, 846 (Tex. App.-Beaumont 2007, no pet.) ).
Under the SVP Act, a person is a sexually violent predator if he (1) "is a repeat sexually violent offender," and (2) "suffers from a behavioral abnormality that makes [him] likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a). Regarding the first element, a person is a repeat sexually violent offender if (as relevant here) the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. Id. § 841.003(b).[3] As to the second element, a behavioral abnormality is defined as "a congenital or acquired condition that, by *328 affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Id. § 841.002(2). A predatory act is defined as "an act directed toward individuals, including family members, for the primary purpose of victimization." Id. § 841.002(5).
B. Whether a person suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence is a single, unified issue.
Appellant focuses his sufficiency challenge on the second element of the definition of sexually violent predator. Appellant concedes that evidence of his prior acts could support a finding that he has a behavioral abnormality that makes him likely to engage in an act of sexual violence. He argues the evidence is legally and factually insufficient, however, to support the jury's finding that future acts of sexual violence would be "predatory" because the State's expert could not say whether appellant's prior similar acts were due to his delusional psychotic mental illness. He argues that a person who commits sexual violence due to a mental illness cannot have committed those acts "for the primary purpose of victimization." More specifically, appellant contends that sexually violent acts against a ten-year-old girl cannot be considered predatory when those acts are committed due to a mental illness causing the person to be under the delusion that the ten-year-old girl is really 21 and had shots in her abdomen to make her appear to be ten.
We disagree with appellant's view that the question whether his likely future acts will be predatory in nature-or, put another way, whether their primary purpose is likely to be for victimization-is a separate issue from whether he suffers from a behavioral abnormality that predisposes him to commit a sexually violent offense. As the Supreme Court of Texas concluded in In re Commitment of Bohannan , "whether a person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence is a single, unified issue." 388 S.W.3d 296, 303 (Tex. 2012) (internal quotations omitted). The supreme court reversed a decision of the Beaumont Court of Appeals, which had held that the statutory definition of behavioral abnormality had two separate components: (1) an acquired or congenital condition, and (2) a predisposition to commit a sexually violent offense. Id. at 302. The supreme court disagreed with the court of appeals' "bisection" of behavioral abnormality and concluded that the "condition is the predisposition." Id. The supreme court explained the behavioral abnormality definition might be more clearly stated as "a congenital or acquired predisposition, due to one's emotional or volitional capacity, to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Id. at 303.
Another reason the Beaumont Court of Appeals gave for separating condition from predisposition is that the definition of sexually violent predator requires proof of a behavioral abnormality that "makes the person likely to engage in a predatory act of sexual violence." Id. The supreme court concluded, however, that this language "simply explains or restates" the portion of the behavioral abnormality definition that the condition "predispose [ ] the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Id. Therefore, "implicit in a finding that a person suffers from a behavioral abnormality is a conclusion that the person is likely to engage in a predatory act of sexual violence for the primary purpose of *329 victimization." In re Commitment of Ramirez , No. 09-13-00176-CV, 2013 WL 5658597, at *2 (Tex. App.-Beaumont Oct. 17, 2013, no pet.) (mem. op.).
Put simply, the second part of the statutory definition of sexually violent predator contains the defined terms "behavioral abnormality" and "predatory," and the sub-definitions of those terms (quoted above) partially overlap with each other and with the definition of sexually violent predator. Recognizing this repetition, the supreme court has rejected the idea that "a menacing offender may not be predatory." See Bohannan , 388 S.W.3d at 303. In light of the supreme court's opinion, we conclude that evidence of a person's predisposition to commit a sexually violent offense to the extent that he becomes a menace to the health and safety of another person is sufficient to show that the person is likely to engage in a predatory act of sexual violence for the primary purpose of victimization. See Bohannan , 388 S.W.3d at 302-03 ; Ramirez , 2013 WL 5658597, at *2.
C. The evidence is legally and factually sufficient.
Regarding predisposition, the jury heard Dr. Turner's opinion that appellant suffers from a behavioral abnormality. The jury also heard evidence that appellant has the two biggest risk factors for re-offending-sexual deviance and antisocial personality disorder, and heard Dr. Turner's diagnoses of pedophilia and psychotic disorder not otherwise specified.
As to the extent of this predisposition, the record includes testimony regarding appellant's history of sexual offenses against four different children and how those offenses were important to Dr. Turner's evaluation. Appellant was convicted of four aggravated sexual assaults of one victim who was ten years old. Appellant said he believed the ten-year-old child was actually a 21 or 20-year-old woman who received shots in her abdomen that made her look like a ten-year-old child. Dr. Turner testified appellant was either delusional or dishonest, and that in either event he believed appellant has a behavioral abnormality and is at high risk for re-offense.
Dr. Turner also evaluated evidence that appellant committed sexual offenses against other children for which he had not been tried. One such offense was appellant's long-term sexual relationship with a 14-year-old girl. Appellant admitted having a child with the girl but claimed he did not know she was 14 until they planned a joint birthday party. Two other victims were appellant's four-year-old daughter and the five-year-old daughter of the woman he lived with at the time. Appellant admitted the offenses but claimed the children sexually assaulted him, which Dr. Turner explained is a common response by a pedophile. Appellant did not claim either ignorance or delusion regarding the ages of these two children.
We conclude the evidence is legally and factually sufficient to support the jury's finding that appellant suffers from a behavior abnormality that makes him likely to engage in a predatory act of sexual violence. The evidence is legally sufficient because the evidence viewed in the light most favorable to the verdict allowed a rational jury to find beyond a reasonable doubt that appellant is predisposed to commit a sexually violent offense to the extent that he is a menace to the safety of others. The evidence is factually sufficient because, viewed in a neutral light, it rationally supports the jury's finding beyond a reasonable doubt and does not reflect a risk of injustice that would compel ordering a new trial. We overrule appellant's first and second issues.
*330 II. The trial court did not err in granting a directed verdict that appellant is a repeat sexually violent offender.
To commit appellant under the SVP Act, the State also had to prove that he is a repeat sexually violent offender. The trial court granted the State a directed verdict on this element. Appellant argues in his third issue that there is a conflict between the Texas Rules of Civil Procedure, which allow for a directed verdict, and the SVP Act, which requires the jury to find beyond a reasonable doubt that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) ; see Tex. R. Civ. P. 268. Because the SVP Act requires a criminal burden of proof, appellant argues, the Legislature did not intend for trial courts to grant directed verdicts. The State responds that the SVP Act is silent as to directed verdicts, and partial directed verdicts are proper on the issue of whether a person is a repeat sexually violent offender.
The Rules of Civil Procedure apply to SVP Act cases, but if there is a conflict between the SVP Act and the rules, the SVP Act controls. Tex. Health & Safety Code § 841.146(b). The Rules of Civil Procedure provide for directed verdicts. Tex. R. Civ. P. 268. In a SVP Act case, a person is entitled to a jury trial on demand. Tex. Health & Safety Code § 841.061(b). In a jury trial, the jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. Id. § 841.062(a).
Partial directed verdicts may be granted on the question whether a person is a repeat sexually violent offender because the SVP Act is civil, not punitive. See Fisher , 164 S.W.3d at 645-53. In civil cases, a party has a right to a jury trial to determine questions of fact.[4] "Uncontroverted questions of fact need not be and should not be submitted to the jury for its determination." Clark v. Nat'l Life & Accident Ins. Co. , 145 Tex. 575, 200 S.W.2d 820, 822 (1947) ; see City of Keller v. Wilson , 168 S.W.3d 802, 815 & n.52 (Tex. 2005). A partial directed verdict is a procedure for removing parts of a civil case from the jury when there are no fact issues to resolve. Johnson v. Swain , 787 S.W.2d 36, 36 n.1 (Tex. 1989).
Appellant contends that the heightened statutory burden of proof in SVP Act cases conflicts with these background principles applicable to civil cases generally. We disagree. When undisputed evidence demonstrates that a person is a repeat sexually violent offender, reasonable jurors can make only one finding as to that element-a conclusion that remains true whether the burden of proving the element is by a preponderance of the evidence or beyond a reasonable doubt. See City of Keller , 168 S.W.3d at 814. We therefore hold that a trial court may grant a partial directed verdict that a person is a repeat sexually violent offender if, under the standard for legal sufficiency of the evidence discussed in Part I.A. above, there is no probative evidence raising a fact issue to the contrary. See In re Commitment of Lemmons , No. 09-13-00346-CV, 2014 WL 1400671, at *3 (Tex. App.-Beaumont Apr. 10, 2014, pet. denied) (mem. op.).[5]
*331 In some cases, there may be a fact issue regarding whether a defendant is a repeat sexually violent offender. See In re Commitment of Miller , 262 S.W.3d 877, 890-94 (Tex. App.-Beaumont 2008, pet. denied) (jury decided whether defendant's murder conviction was sexually motivated). But if there are no disputed facts regarding this element, the person's status as a repeat sexually violent offender is appropriate for partial directed verdict. See In re Commitment of Talley , 522 S.W.3d 742, 750-51 (Tex. App.-Houston [1st Dist.] 2017, no pet.).
In this case, there was no fact issue that appellant was a repeat sexually violent offender. As noted above, a person is a repeat sexually violent offender if (as relevant here) the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. Tex. Health & Safety Code Ann. § 841.003(b). The State offered uncontroverted evidence of appellant's four convictions for aggravated sexual assault of a child for which he was sentenced 20 years' confinement. Therefore, the trial court did not err in granting a partial directed verdict. We overrule appellant's third issue.
CONCLUSION
Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

Because appellant only challenged the sufficiency of the evidence in a motion for new trial, the only relief he could receive on these issues is a new trial. See Horrocks v. Tex. Dept. of Transp. , 852 S.W.2d 498, 499 (Tex. 1993) (per curiam).

See Tex. Health & Safety Code Ann. § 841.062(a).

The statute includes other criteria that qualify a person as a repeat sexually violent offender, but they are not at issue here. See itation index="50" url="https://cite.case.law/citations/?q=Tex.%20Code%20Ann.%20%C2%A7%20841.062">id. § 841.003(b)(1)-(2).

Tex. Workers' Comp. Comm'n v. Garcia , 893 S.W.2d 504, 526 (Tex. 1995) (explaining that Texas Constitution "protects the right to have a jury resolve fact questions"); Rosenthal v. Boyd , No. 03-11-00037-CV, 2013 WL 1876513, at *4 (Tex. App.-Austin May 1, 2013, no pet.) (mem. op.).

Since the 2015 amendment allowing SVP Act cases to be initiated in the county where the alleged sexually violent predator was most recently convicted for a sexually violent offense, at least four more of our sister courts have concluded directed verdicts are appropriate on the repeat sexually violent offender element. See In re Commitment of Perdue , No. 02-17-00017-CV, 530 S.W.3d 750, 752-53, 2017 WL 3526358, at *2 (Tex. App.-Fort Worth Aug. 17, 2017, no pet. h.) ; In re Commitment of Decker , No. 11-17-00007-CV, 2017 WL 2869847, at *3 (Tex. App.-Eastland June 30, 2017, no pet.) ; In re Commitment of Talley , 522 S.W.3d 742, 750-51 (Tex. App.-Houston [1st Dist.] 2017, no pet.) ; In re Commitment of Black , 522 S.W.3d 2, 6 (Tex. App.-San Antonio 2017, pet. denied). But see In re Commitment of Stuteville , 463 S.W.3d 543, 559 (Tex. App.-Houston [1st Dist.] 2015, pet. denied) (Jennings, J. concurring) (noting First Court of Appeals bound by Beaumont Court of Appeals' precedent, but disagreeing that directed verdicts on the repeat sexually violent offender element is permissible given that the SVP Act gives defendant right to jury trial and a beyond a reasonable doubt finding defendant is a sexually violent predator).