**Affirmed and Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00439-CV

## IN RE COMMITMENT OF WALTER PETER GRICE, JR.

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CV-0800**

## O P I N I O N

Appellant Walter Peter Grice, Jr. appeals from his civil commitment as a sexually violent predator. After the trial court directed a partial verdict that Grice is a repeat sexually violent offender, a jury found that he is a sexually violent predator. The trial court then entered a final judgment and an order of civil commitment. In two issues, Grice contends that the trial court erred in (1) overruling his Texas Rule of Evidence 705 objection to certain evidence of past charged crimes and (2) granting a partial directed verdict on the issue of whether Grice is a repeat sexually violent offender. We affirm.

## *Background*

**The SVP Act.** The Civil Commitment of Sexually Violent Predators Act (SVP Act) provides for the civil commitment of persons determined to be sexually violent predators. Tex. Health & Safety Code §§ 841.001–.151. Under the SVP Act, a person is a sexually violent predator if the person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003(a). A person is a repeat sexually violent offender if (as relevant here) the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses. *Id*. § 841.003(b). The statute defines "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2). The commitment of a person as a sexually violent predator is a civil proceeding, *see In re Commitment of Fisher*, 164 S.W.3d 637, 645–53 (Tex. 2005), and the SVP Act requires the State to prove a person is a sexually violent predator beyond a reasonable doubt. Tex. Health & Safety Code § 841.062(a).

**Grice's trial.** The State's expert psychologist, Dr. Stephen Thorne, evaluated Grice and testified that in his opinion, Grice suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence. Thorne described for the jury his training and experience, the legal definitions involved, and his methodology. In forming his opinion, Thorne reviewed voluminous records, including a deposition of Grice taken for purposes of the commitment proceedings, and conducted an hour-long interview with Grice.

Thorne discussed Grice's relevant history in the criminal justice system, including convictions for sexual assault against an adult female, for which Grice

received a 20-year sentence, and for aggravated sexual assault of a child, for which Grice was sentenced to 35 years in prison.[1] Thorne explained that past sexual convictions are important to the analysis because they are "confirmation of past sexual deviancy." He also stated that the facts underlying the convictions are very relevant for determining the risk of reoffending in the future, and he described the facts of the two offenses in some detail.

Thorne additionally testified that in performing behavioral-abnormality evaluations, allegations that did not result in convictions can also be considered. When the State began to ask Thorne about charges that did not result in convictions for sexual offenses, however, Grice objected pursuant to Rule of Evidence 705(d) and argued that the probative value of the evidence was outweighed by its prejudicial effect. The two charges that Grice complains about on appeal were an indictment for aggravated sexual assault of a child that was subsequently reduced to assault causing bodily injury and an indictment for indecency with a child that was reduced to injury to a child.[2]

Thorne diagnosed Grice with "non-parent/child sexual abuse," "adult sexual abuse by a non-spouse or partner," and "other specified personality disorder," which Thorne described as a disorder that has all of the characteristics for "antisocial personality disorder" except that Thorne could not verify Grice exhibited symptoms

---

[1] Grice was originally placed on ten years' deferred adjudication community supervision for the sexual-assault charge, but his community supervision was subsequently revoked when he was charged with aggravated sexual assault of a child.

[2] In the two instances underlying these charges, Grice was alleged to have forced a child to touch his genitals and to have touched a child's genitals with his own. We assume without deciding that Grice preserved his complaint regarding the testimony about these charges.

In addition to the two reduced charges Grice mentions in his brief, Thorne additionally testified about an aggravated sexual-assault charge that involved an adult female complainant and was subsequently dismissed and a rape charge that was apparently dismissed after the complainant said Grice was not the perpetrator. Grice does not challenge on appeal the admission of testimony regarding these additional charges.

before the age of 15. Grice's antisocial behaviors included his "long time (sic) involvement with the criminal justice system," which included terroristic threats, multiple assaultive-type offenses, drug possession charges, and unauthorized use of a motor vehicle and his history of not following the rules in several different contexts. Thorne noted that while incarcerated, Grice has had twelve disciplinary cases and he committed a second sexual offense while on probation for another sexual offense. Grice also suffers from "cocaine use disorder."

Thorne said that these diagnoses led him to conclude that Grice "has a likelihood to engage in a sexually predatory violent act." Thorne further explained that these diagnoses fall within the "congenital or acquired condition" that "affect[s] a person's emotional or volitional capacity" as required under the SVP Act. *See* Tex. Health & Safety Code § 841.002(2). He further said that Grice's combination of sexual deviancy and antisocial characteristics increased Grice's risk of reoffending. Other recidivistic risk factors Thorne identified included that Grice was impulsive and an "aggressive narcissist," he lacked remorse and lived an unstable lifestyle, he had had multiple victims and "extrafamilial" victims, he reported using drugs or alcohol while offending, and he had a large number of documented antisocial behaviors, a history of violence, and unstable social relationships and employment history. Grice further has "traits and tendencies" related to prototypical psychopaths but is not a "true psychopath." Grice's score on the Static-99R actuarial test was a positive two, placing him in the average range for future recidivism for sex offenders.[3] Thorne opined, however, that this score did not adequately reflect Grice's risk of reoffending because it did not take into account many of the factors that Thorne felt were important.

---

[3] Thorne explained that the Static-99R is an instrument used in assessing how likely it is for a person to commit a sexual offense in the future. He said that it helps to organize some of the relevant factors but not all of them.

4

Grice also testified at trial. He confirmed several of the convictions discussed above as well as a felony theft conviction, a burglary conviction, and several misdemeanor convictions, including an incident in which he beat two people with a baseball bat. He further acknowledged being convicted of injury to a child for hitting a five-year old girl with an extension cord and that he killed someone in self-defense. Grice stated that he got into fights in school and assaulted a vice principal. He admitted that he has issues with controlling his anger and violence as well as drinking and using and selling crack cocaine. He further acknowledged having disciplinary issues in prison, including an assault on an officer.

After the trial court granted a partial directed verdict that Grice was a repeat sexually violent offender, the jury found Grice was a sexually violent predator. The trial court then ordered Grice civilly committed upon his release from the Texas Department of Criminal Justice and mandated various requirements of that commitment. In its final judgment, the trial court recounted the prior findings and stated that Grice's commitment shall continue until his behavioral abnormality had changed to the extent he is no longer likely to engage in a predatory act of sexual violence.

### Evidence of Prior Charges

In his first issue, Grice contends that the trial court erred in admitting evidence of two extraneous offenses during Thorne's testimony over Grice's Rule 705(d) objection. Specifically, Grice asserts that the probative value of the evidence in question was outweighed by its prejudicial effect. Trial courts have extensive discretion in evidentiary rulings, and we will uphold such rulings if they are within the zone of reasonable disagreement. *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 545 (Tex. 2018).

Rule 705 concerns the admissibility of the facts or data underlying an expert's

5

opinion, and subsection (d) specifically provides as follows:

> If the underlying facts or data *would otherwise be inadmissible*, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect. If the court allows the proponent to disclose those facts or data the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly.[4]

Tex. R. Evid. 705(d) (emphasis added). On appeal, Grice has not cited any evidentiary rule that would make Thorne's testimony otherwise inadmissible and specifically disclaims application of Texas Rule of Evidence 403.[5]

Before Thorne began his testimony regarding the two reduced charges at issue here—two offenses that were originally charged as sexual in nature but were subsequently reduced to nonsexual offenses—Grice's counsel objected only on the basis of Rule 705, arguing that "the probative value doesn't outweigh the prejudice." Evidence concerning the facts underlying alleged previous sexual assaults has been ruled admissible in civil commitment cases when it assists the jury in understanding an expert's testimony that the person has a behavioral abnormality. *See, e.g., In re Commitment of Talley*, 522 S.W.3d 742, 748–49 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). As mentioned above, we assume without deciding that

---

[4] At the request of Grice's counsel, the trial judge gave the jury a limiting instruction that hearsay statements admitted to show the basis for the expert's opinion should not be considered as proof of the matters asserted. *See* Tex. R. Evid. 705(d).

[5] When Thorne began his testimony regarding the underlying facts of Grice's convictions, not at issue here, Grice's counsel objected to the testimony as hearsay. The State argued that the testimony was permitted under Rule 705. After the trial judge overruled the objection, Grice's counsel requested a running objection to Dr. Thorne's testimony that "would otherwise be inadmissible without 705." The trial judge denied the request, but agreed to read Grice's requested hearsay and Rule 705(d) limiting instruction as tendered. Thorne then continued his testimony as to the convictions. The limiting instruction Grice submitted stated that the "hearsay" was being presented to the jury "only for the purpose of showing the basis of the expert's opinion."

Grice preserved his complaint regarding Thorne's testimony about the reduced charges. *See supra* n.2. We conclude that the trial court's decision was within the zone of reasonable disagreement and, even if the trial court had erred, the error would be harmless.

**No error.** Grice asserts that the probative value of the evidence in question was outweighed by its prejudicial effect. Grice insists that Thorne testified that he did not rely on the charges in question because he had so little information about them; therefore, the testimony is of limited probative value.[6] But Grice's premise is not entirely accurate. While Thorne acknowledged that he did not change Grice's score on the Static-99R test due to these charges, Thorne explained that he tended to score that test conservatively and the test itself did not encompass all of the factors that he believed were relevant in the behavioral-abnormality analysis. Thorne specifically told the court that he considered the facts underlying the two reduced charges as "additional antisocial behavior . . . that's a risk factor in these evaluations." The evidence regarding these charges was therefore of some help to the jury in understanding the basis for Thorne's conclusions. *See, e.g. Talley*, 522 S.W.3d at 748–49; *Day*, 342 S.W.3d at 199.

Moreover, the prejudice, if any, of this testimony was limited by the fact that the jury was informed that the charges had been reduced and very little information regarding the underlying facts was adduced. The charges were only briefly mentioned in a trial that contained a litany of allegations of criminal and other antisocial behavior against Grice.[7] Under the circumstances, the trial court's determination that

---

[6] Grice argues that the State's only reason to elicit the testimony was to use it for a purpose other than an explanation or support of Thorne's opinions, i.e., to inflame the jury. This argument was not made below.

[7] We further note that, as requested by Grice, the trial court instructed the jury to use this evidence only for understanding Thorne's conclusions, not for the truth of the matters asserted. Absent evidence to the contrary, we presume the jury followed the trial court's instructions. *See In*

the probative value of this evidence was not outweighed by its prejudicial effect was within the zone of reasonable disagreement. Accordingly, we cannot say that the trial court erred in admitting this evidence. *See Diamond Offshore*, 542 S.W.3d at 545.

**If error, harmless.** Furthermore, even if the trial court's admission of the extraneous offense evidence was erroneous, we conclude that the error was harmless under the circumstances of this case. We will reverse based on an erroneous evidentiary ruling only if, after reviewing the entire record, we conclude that the ruling probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *Harrison v. Harrison*, No. 14-15-00430-CV, 2018 WL 2926268, at *14 (Tex. App.—Houston [14th Dist.] June 12, 2018, no pet. h.).

Here, the charges in question were only briefly mentioned with few details given and Thorne specifically noted that this evidence did not play a major role in his analysis, which suggests the jury would have assigned it little value as well. Additionally, as set forth in detail above, Thorne provided ample support for his conclusion that Grice suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence. Thorne, and Grice himself, testified regarding numerous criminal and other antisocial acts committed by Grice, including two convictions for sexual assault. Thorne further explained his diagnoses of Grice's mental problems and how those diagnoses and numerous other specified factors led Thorne to his conclusion.

Based on the volume of evidence supporting Thorne's conclusions and the

---

*re Commitment of Stuteville*, 463 S.W.3d 543, 555 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

relatively brief mention of these extraneous offenses, we conclude that the judgment did not turn on the admitted evidence and that the trial court's ruling did not probably cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Able*, 35 S.W.3d at 617; *Harrison*, 2018 WL 2926268, at \*14.

For the foregoing reasons, we overrule Grice's first issue.

### *Partial Directed Verdict*

In his second issue, Grice contends that the trial court erred in granting a directed verdict on the repeat-sexually-violent-offender element.[8] Grice points out that although the Rules of Civil Procedure generally permit directed verdicts in civil cases and generally apply in SVP Act cases, the SVP Act controls in the event of a conflict between the Rules of Civil Procedure and the act. *See* Tex. Health & Safety Code § 841.146(b). Grice then asserts that there is a conflict between Texas Rule of Civil Procedure 268, which authorizes directed verdicts, and section 841.062 of the SVP Act, which requires a jury (when one is demanded) to find beyond a reasonable doubt that a person is a sexually violent predator. Tex. Health & Safety Code § 841.062; Tex. R. Civ. P. 268. Grice suggests that because the SVP Act requires a criminal burden of proof, i.e., "beyond a reasonable doubt," the Legislature did not intend for trial courts to grant directed verdicts in SVP Act cases.

We recently considered and rejected substantially the same argument in *In re Commitment of Harris*, 541 S.W.3d 322, 330–31 (Tex. App.—Houston [14th Dist.] 2017, no pet.). In *Harris*, we explained that partial directed verdicts may be granted on the question of whether a person is a repeat sexually violent offender because the SVP Act is civil, not punitive and it is well established in civil matters that

---

[8] As stated above, one of the elements for determining whether a person is a sexually violent predator is whether the person is a repeat sexually violent offender. Tex. Health & Safety Code § 841.003(a).

9

uncontroverted questions of fact need not and should not be submitted to a jury for determination. *Id*. at 330 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 815 & n.52 (Tex. 2005); *In re Commitment of Fisher*, 164 S.W.3d 637, 645–53 (Tex. 2005); and *Clark v. Nat'l Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820, 822 (1947)). We further noted that when undisputed evidence demonstrates a person is a repeat sexually violent offender, reasonable jurors can make only one finding as to that element, regardless of whether the burden of proof is by a preponderance of the evidence or beyond a reasonable doubt. *Id*. (citing *City of Keller*, 168 S.W.3d at 814). We then concluded that a trial court may grant a partial directed verdict on the repeat-sexually-violent-offender element if there is no probative evidence raising a fact issue to the contrary. *Id*.

Here, Grice has not challenged the evidence supporting the trial court's grant of a partial directed verdict. Indeed, Grice's status as a repeat sexually violent offender was undisputed in the trial court and is undisputed on appeal. The trial court did not err in granting a partial directed verdict on this element. *See id*. at 331. We overrule Grice's second issue.

We affirm the trial court's judgment and order of civil commitment.


/s/    Martha Hill Jamison
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.

10