**Affirmed and Memorandum Opinion filed February 28, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00257-CV

## IN RE COMMITMENT OF STEPHEN LEE HALE

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1571886Z**

## MEMORANDUM OPINION

In this appeal from a judgment ordering the civil commitment of a sexually violent predator, the sole question presented is whether the trial court reversibly erred when it admitted evidence of unadjudicated bad acts, which indicated that appellant had been sexually deviant as a juvenile. Because the evidence was admitted for the purpose of showing the basis of an expert's opinion that appellant suffers from a behavioral abnormality, and because the jury was properly instructed on how to consider such evidence, we conclude that the trial court did not reversibly err and we affirm its judgment.

## BACKGROUND

To obtain appellant's civil commitment, the prosecution was required to prove two elements beyond a reasonable doubt: first, that appellant is a repeat sexually violent offender; and second, that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code § 841.003(a) (defining sexually violent predator); Tex. Health & Safety Code § 841.062 (establishing the prosecution's burden of proof).

To prove that appellant is a repeat sexually violent offender, as required by the first element, the prosecution produced evidence that appellant has twice been convicted of indecency with a child by contact. *See* Tex. Health & Safety Code § 841.003(b) (defining repeat sexually violent offender). The first conviction arose out of appellant's inappropriate touching of a three-year-old girl in 1992, shortly before his eighteenth birthday. For that offense, appellant was sentenced to a term of ten years' imprisonment. He was released on parole partway through that term, but his parole was revoked because he committed an indecent exposure on the same day as his release. The second conviction arose out of appellant's inappropriate touching of his six-year-old niece in 2015, shortly before his forty-first birthday. For that offense, appellant received another sentence of ten years' imprisonment. The State petitioned for appellant's civil commitment prior to the completion of that sentence.

To establish that appellant suffers from a behavioral abnormality, as required by the second element, the prosecution relied on the expert testimony of a psychologist, who opined that appellant suffers from pedophilic disorder, exhibitionistic disorder, and schizophrenia. The psychologist explained that he based his opinion on the facts of appellant's underlying convictions, as well as the facts of unadjudicated offenses that appellant committed both as an adult and as a juvenile.

2

Based on the collective weight of all of those facts, the psychologist opined that appellant has a congenital or acquired condition that, by affecting his emotional or volitional capacity, predisposes him to commit a sexually violent offense, to the extent that he becomes a menace to the health and safety of another person. *See* Tex. Health & Safety Code § 841.002(2) (defining behavioral abnormality).

Appellant testified in his own defense. He did not dispute the existence of his criminal convictions, but he claimed that he is a changed man. He indicated that he is currently participating in a sex offender treatment program, and he opined that he is not at risk of reoffending.

A jury unanimously found that appellant was a sexually violent predator, and the trial court rendered a judgment ordering his civil commitment based on that finding. Appellant now challenges that judgment.

## ANALYSIS

Before any evidence was ever admitted, the trial court conducted a hearing outside the presence of the jury to consider motions in limine regarding the admissibility of certain unadjudicated bad acts. The prosecution represented during that hearing that it intended to introduce evidence of the following bad acts:

> So specifically there are—it's related to Mr. Hale's juvenile sexually deviant behaviors. He has admitted to the State's experts that he would engage in inappropriate sexual touching of other children while he was a juvenile. He was never convicted of those things but he has admitted to those things to at least one of the State's experts who would testify today.
>
> Additionally, the doctors reviewed and relied upon a forensic examination during a prior competency evaluation. Within that there is a report from Mr. Hale's mother who reported that Mr. Hale engaged in sexually inappropriate behavior with her by trying to lift her nightgown while she was sleeping, that he would try to watch her have sex, that he had rubbed his genitals on his brother's feet and buttocks

while his brother was sleeping, that he was expelled from school twice related to touching female teachers on their buttocks.

There is also information in there regarding Mr. Hale attempting to have sex with a dog. All of those things are related to his sexual deviance and that it started at an early age. And so the doctors would discuss that as part of—that's a risk factor, that that is present within his history, and therefore part of the behavioral abnormality opinion.

The defense had no response to the prosecution's representations. The trial court then ruled that the evidence would be admissible, but that the defense could renew its objections later during the proceedings.

Once the trial was underway, and as the prosecution was beginning to elicit testimony about appellant's juvenile history from the psychologist, the defense objected to the anticipated testimony on the basis of hearsay. The trial court overruled the objection, and then gave the following limiting instruction at the request of the defense:

At this time, ladies and gentlemen of the jury, you are about to hear hearsay statements from this witness. A hearsay statement is made by a person at some time other than while testifying at the current trial or hearing which a party offers into evidence to prove the truth of the matter asserted in the statement. Generally hearsay is not admissible as evidence during trial. However, in this case certain hearsay information contained in records was reviewed and relied upon by experts and will be presented to you through that expert's testimony.

Such hearsay evidence is being presented to you only for the purposes of showing the basis of the expert's opinion and cannot be considered as evidence to prove the truth of the matter asserted. You may not consider this hearsay information for any other purpose, including whether the facts alleged in the records are true.

Following that limiting instruction, and before any other evidence was admitted, the defense lodged a second objection that the probative value of the anticipated evidence was "substantially outweighed by the danger of confusing the

4

issues and unfair prejudice." The trial court overruled that objection, but granted the defense a running objection.

The jury then heard the following testimony:

Q. [Psychologist], is it important to consider one's juvenile history in an evaluation for behavioral abnormality?

A. Yes, ma'am.

Q. Why?

A. There are—there's information there that is related to diagnoses that we might make that are pertinent to the question of a behavioral abnormality. And, again, we look at everything. I need information about his sexual history, his behavioral history, I need to know if he's impulsive, I need to know at what age the sexual acting out started. All of that is relevant to my opinion about whether he has a behavioral abnormality.

Q. And when you met with Mr. Hale, did you discuss any juvenile sexually deviant behaviors of his?

A. Yes, ma'am.

Q. What did he tell you regarding engaging in sexually deviant behaviors as a juvenile?

A. He told me that he did have an issue with touching younger girls because of impulse control problems is what he said. And he also said there was an issue that he had with one cousin. He said it was mostly with cousins that he had the sexual acting out with or females, cousins, whatnot, he said improper areas. And then there was a male child who was 6 years old that was—he admitted to me that he touched inappropriately when he was 9. That's what he said to me in my interview.

Q. And then after your interview, did you receive additional records or information related to juvenile sexually deviant behaviors?

A. Yes.

Q. And was that important to your opinion in this case?

A. Yes, ma'am.

Q. So what details did you review that were important to your opinion in this case?

A. There were statements that were related to his inappropriate sexual behavior as a child and a teenager. It addressed things like him sneaking to watch his parents have sex and having—or trying to have or having sex with a dog, with him rubbing his penis and genitals on his brother. And, again, this is all when they were children. Trying to lift up his mother's skirt while she was asleep and then generally, you know, touching females in his family that were younger than him, and males as well. So information that would indicate serious sexually deviant behaviors acting out, starting at a very young age.

The discussion then shifted to other topics, like the facts of appellant's underlying convictions. The psychologist emphasized that appellant's victims were prepubescent girls, and that his behavior had been brazen, impulsive, and concerning. The psychologist also discussed other unadjudicated acts, like a criminal trespass that appellant had committed as a juvenile, and a large number of indecent exposures that appellant had committed as an adult. These indecent exposures occurred in front of female staff members of the prison, as well as strangers outside of prison when he was on parole. The psychologist only returned to the topic of appellant's sexually deviant juvenile history once more, in a brief summary of his expert opinion:

Q. So if we're looking at the big picture for Mr. Hale, how would you characterize what makes up Mr. Hale's behavioral abnormality that makes him likely to engage in a predatory act of sexual violence?

A. Well, he's a pedophile. He suffers from exhibitionistic disorder. He is highly antisocial and he seems just—there's a level of sexual preoccupation with him that I think has been there throughout his life. Even as a kid, he's fondling and touching and doing things to other children, to a dog, to his mom. I mean, this—this—Mr. Hale has acted out sexually and is a very sexually deviant person and has been so throughout his life. So

6

the—and to me—it's because there's a behavioral abnormality. I think it's pretty black and white.

Appellant now challenges the trial court's decision to admit this evidence, which he sometimes labels in his brief as the evidence of "unadjudicated juvenile sexual offenses and unsubstantiated allegations." This broad label encompasses many unadjudicated bad acts, but appellant admitted on the stand to some of those bad acts, like touching other children inappropriately when he was also a juvenile. By admitting to those bad acts, appellant waived any challenge to them. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004) ("The general rule is error in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection.").

As for the remaining unadjudicated bad acts, appellant does not base his appellate argument on the hearsay objection from his trial. Instead, appellant makes passing references in his brief to Rules 403, 404, and 705(d) of the Texas Rules of Evidence. *See* Tex. R. Evid. 403 (providing that the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues, among other reasons); Tex. R. Evid. 404 (providing that evidence of bad acts may not be admitted to prove a person's character conformity); Tex. R. Evid. 705(d) (providing that an expert may not disclose the underlying facts of his opinion if the facts would otherwise be inadmissible unless their probative value outweighs their prejudicial effect). Because appellant structures the body of his argument around Rule 403, we limit our review accordingly.

When determining the admissibility of evidence under Rule 403, a trial court must balance the probative value of the evidence against relevant countervailing

factors. *See JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 836 (Tex. 2018). Such factors include unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. *See* Tex. R. Evid. 403. We review the trial court's balancing of these considerations for an abuse of discretion. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). And under that standard, we must uphold the trial court's ruling if it has any legitimate basis. *Id.*

Beginning with the probative value of the challenged evidence, the prosecution advised the trial court during the hearing on the motion in limine that the psychologist had relied on evidence showing that appellant had been sexually deviant as a juvenile. The prosecution indicated that this deviance "started at an early age" and that it signified a "risk factor" in deciding whether appellant might reoffend as an adult. Based on these representations, the trial court could have reasonably concluded that the challenged evidence was probative because the evidence showed the basis for the expert's opinion that appellant suffered from a behavioral abnormality.

Appellant acknowledges in his brief that the challenged evidence was relevant—and therefore probative—but he minimizes the evidence by suggesting that it only provided a "small nudge" towards proving that he suffers from a behavioral abnormality. Appellant suggests that the psychologist did not need to refer to the challenged evidence because the psychologist had "many other facts and details that served as the basis of his opinion." But appellant does not identify any of these facts and details in his brief, nor does he explain why the evidence from his juvenile history would not be helpful in a consideration of whether he suffers from a congenital or acquired condition that predisposes him to sexual violence.

Appellant relatedly argues that the challenged evidence was unnecessary because the prosecution's second expert witness—a psychiatrist—rendered an opinion without ever mentioning any specific unadjudicated bad acts. Instead, the psychiatrist broadly referred to appellant's "childhood pattern of deviant sexual behaviors." This point does not demonstrate that the trial court's ruling was outside the zone of reasonable disagreement. Many courts, including this one, have long ruled that evidence of unadjudicated bad acts may be admitted if the evidence explains the basis of an expert opinion that a person is a sexually violent predator. *See In re Commitment of Baiza*, 633 S.W.3d 743, 753 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("Unadjudicated offenses are not necessarily more prejudicial than probative when they explain the basis of an expert's opinion."); *In re Commitment of Johnson*, 613 S.W.3d 613, 619 (Tex. App.—San Antonio 2020, pet. denied) ("Although Johnson argues that these details were unnecessary for Dr. Dunham to make his diagnosis, Dr. Dunham's testimony about the underlying facts helped the jury weigh his diagnosis in order to decide whether they agreed that Johnson had a behavioral abnormality that would predispose him to commit sexual offenses. This was the ultimate issue the jury was tasked with deciding, and the information that Dr. Dunham provided was relevant to their decision."); *In re Commitment of Stuteville*, 463 S.W.3d 543, 556 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("Evidence of Stuteville's prior uncharged sexual offenses and the details of the charged and uncharged offenses are highly probative and helpful to the jury in explaining the basis of Dr. Clayton's opinion that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.").

Appellant still counters that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, which is a factor to consider in a balancing analysis under Rule 403. Appellant asserts in his brief that

the challenged evidence was "undoubtedly" prejudicial. But virtually all evidence proffered by a party to a lawsuit will be prejudicial to the opposing party. *See Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 549 (Tex. 2018) ("In our adversarial system, much of a proponent's evidence is legitimately intended to wound the opponent."). The more pertinent consideration is whether the challenged evidence was "unfairly" prejudicial. *Id.*

Unfair prejudice refers not to an adverse or detrimental effect of evidence, but rather to an undue tendency to suggest a decision on an improper basis, commonly an emotional one. *Id.* Appellant highlights the evidence of bestiality, which he contends was inflammatory and "elicited a visceral reaction from potential jurors" during voir dire. But the trial court clarified to the venire panel that "there are not videos, photographs of that." The trial court also rehabilitated certain members of the venire panel who expressed a bias against any person involved in bestiality. The remaining members of the venire panel were dismissed, and once the trial was underway, the trial court administered a limiting instruction, which further reduced the likelihood of the jury considering the evidence on an improper basis. This factor does not weigh in favor of finding that the trial court abused its discretion by admitting the challenged evidence. *See In re Commitment of Grice*, 558 S.W.3d 323, 328 n.7 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that the trial court had not abused its discretion by admitting evidence of extraneous offenses, in part because the trial court had instructed the jury to only consider the extraneous offenses for the purpose of understanding the expert's opinion).

Appellant argues next that the challenged evidence should have been excluded because its probative value was substantially outweighed by a danger of confusing the issues. Appellant emphasizes that the material issue was whether he was a sexually violent predator at the time of the trial, not whether he was sexually deviant

as a juvenile. But again, the prosecution explained during the hearing on the motion in limine that appellant's sexual deviancy as a juvenile informed the expert's opinion as to whether appellant suffered from a congenital or acquired condition that predisposed him to sexual violence in the current day. The psychologist gave that same explanation in front of the jury. This factor does not weigh in favor of finding an abuse of discretion either.

Appellant also argues that the challenged evidence should have been excluded because "the jury was not properly equipped to diagnose [him] with pedophilia, exhibitionistic disorder, schizophrenia, antisocial traits and behaviors, or to score actuarials." Appellant did not specifically object on this basis, but even if he had, the trial court would not have abused its discretion by admitting the evidence because the jury was not tasked with making those diagnoses or engaging in forensic examinations. As the jury was advised in the trial court's limiting instruction, the challenged evidence was presented only for the purpose of showing the basis of the expert's opinion.

In one final point, appellant concedes that the challenged evidence did not require an inordinate amount of time to present to the jury, but he argues that the evidence still should have been excluded because it was cumulative of other evidence. This argument was not made in the trial court, but even if it had been, the psychologist was the very first witness to testify, and prior to the defense's objection, there had been no testimony concerning the challenged evidence. Thus, the trial court would not have abused its discretion by admitting the evidence over an objection that it was cumulative.

Based on the foregoing, we cannot say that the trial court's decision to admit the challenged evidence was outside the zone of reasonable disagreement.

Even if we were to assume for the sake of argument that the trial court had erred by admitting the challenged evidence, we would not conclude that the error was reversible. The trial court gave the jury a limiting instruction before the psychologist testified, as well as in its written charge. Both instructions stated that the psychologist had reviewed certain hearsay evidence regarding appellant's unadjudicated bad acts. The instructions further stated that such hearsay evidence would normally be inadmissible, but that the evidence had been admitted for the purpose of showing the basis of the psychologist's opinion, and that the evidence could not be considered for the truth of the matter asserted. Absent record evidence to the contrary, we presume that the jury followed the limiting instructions. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Grice*, 558 S.W.3d at 328 n.7. Because appellant has not directed this court to any record evidence indicating that the jury actually ignored the trial court's oral and written limiting instructions, we cannot say that any error in the admission of the challenged evidence resulted in the rendition of an improper judgment. *See* Tex. R. App. P. 44.1.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

12