**Affirm and Opinion Filed June 8, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01141-CV**

**IN RE THE COMMITMENT OF DANIEL J. PERO**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV20-70005-Q**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Carlyle

A jury found appellant Daniel J. Pero to be a sexually violent predator. In four issues, Mr. Pero challenges that determination. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

In his first and second issues, Mr. Pero challenges the legal and factual sufficiency of what he characterizes as the behavioral abnormality "element" of the State's case. In reviewing legal sufficiency in sexually violent predator cases, we use the familiar criminal law standard: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *In re Commitment of*

*Stoddard*, 619 S.W.3d 665, 675 (Tex. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In reviewing factual sufficiency, our standard of review is "whether, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met." *Id*. at 678. In applying that standard, we "must detail why we conclude a reasonable factfinder could not have credited disputed evidence in favor of the finding." *Id*.

Mr. Pero contends the evidence supporting him having a "behavioral abnormality" is legally insufficient, and that we must construe the legal definition of that phrase in order to reach our holding in this case. *See* TEX. HEALTH & SAFETY CODE § 841.002(2) (defining "behavioral abnormality"). The bulk of his argument relies on the premise that the statute's "behavioral abnormality" definition is ambiguous, leading Mr. Pero to an interesting line of legislative history that may deserve attention, albeit by the legislature. We find no ambiguity in the statutory definition of "behavioral abnormality," and thus we decline Mr. Pero's invitation to consider the extrinsic evidence in his brief. *See In re Commitment of Ausbie*, No. 14-18-00167-CV, 2021 WL 1972407, at *11 (Tex. App.—Houston [14th Dist.] May 18, 2021, pet. denied) (mem. op.). We find legally and factually sufficient evidence of a behavioral abnormality, as we discuss below.

–2–

As the State points out, there was no evidence to counter the evaluation and diagnosis as a pedophile, which its expert witness, Dr. Jason Dunham, described as a behavioral abnormality that makes Mr. Pero likely to engage in a predatory act of sexual violence. Dr. Dunham described pedophilia as a lifelong sexual attraction to children. Mr. Pero argues his age, 69, combined with his sentence length, 25 years, his good behavior while serving his sentence, the lack of an "antisocial personality disorder" diagnosis, a less-than-30 score on the PCL-R test, the lack of a psychopathy diagnosis, and the relative risk of reoffending, described as "moderate to high" or "pretty good chance" of reoffending, combine to render the evidence insufficient.[1]

The doctor described Mr. Pero's criminal history, including five guilty pleas in relevant cases. The first two are indecent exposure convictions with seven- and nine-year-old victims, respectively. Though they are not "sexually violent" predicate offenses for purposes of Texas Health and Safety Code Chapter 841, these offenses formed part of the foundation for Dr. Dunham's opinion. In both cases the victims described seeing Mr. Pero handling his penis as they walked past his house and in both cases the victims described Mr. Pero signaling them to approach him. Despite his guilty pleas, in the course of this litigation Mr. Pero denied the victims' factual descriptions and suggested he had just walked out to get the newspaper in his underwear.

---

[1] Mr. Pero makes no challenge to the witness's qualifications on appeal.

Some five years after the exposure offenses, and after he completed sex offender treatment for those offenses, Mr. Pero sexually assaulted two neighborhood girls, aged seven and eight, on multiple occasions. The first girl described digital vaginal penetration at least one time, that he assaulted her some two to ten times, and that he told her not to tell. At trial, Dr. Dunham testified that Mr. Pero admitted to lifting her skirt "to look at her vagina" but told Dr. Dunham that he "never touched her sexually." Mr. Pero did admit that he tickled the girls and bounced them on a waterbed in his house, which led him to wanting "to look at their vagina."

For the second girl, the evidence was that Mr. Pero enticed her to his bedroom with the promise of a key chain and fondled her vagina under her clothes, though he did not penetrate her. Mr. Pero in this case admitted only to rubbing "his penis on her leg while she was playing one of those stand up arcade games at his house" while both were clothed.

Mr. Pero also sexually assaulted a six-year-old boy more than once and showed him pornography. The boy reported that Mr. Pero performed oral and anal sex on him after having groomed him by taking him to a store to buy a figurine and then having him bathe with the toy. In this case, Mr. Pero has blamed the six-year-old boy, claiming the boy asked to look at pornography and requested sex from him.

These latter three children were his daughter's friends and were allowed in his house for that reason and because Mr. Pero's wife was a Girl Scout leader for the girls. As with the two exposure offenses, Mr. Pero entered guilty pleas in the three

cases. Dr. Dunham described Mr. Pero's current beliefs about those situations, denial and minimization, as "concerning" regarding a behavioral abnormality evaluation.

Dr. Dunham described two tests: the Static-99R and the PCL-R. On the former, Mr. Pero scored a four, which indicated an "above-average risk" to be reconvicted of a new sex offense as compared to other sexual offenders. The Static-99R test does not evaluate behavioral abnormality, so even if the score were more favorable to Mr. Pero, it would carry minimal weight in this discussion. The PCL-R measures the degree of one's psychopathy. Mr. Pero's score of 19 indicates he is not a true psychopath, though, according to Dr. Dunham, "[v]ery few child molesters are psychopathic."

Based on the foregoing, Dr. Dunham concluded that Mr. Pero has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* TEX. HEALTH & SAFETY CODE §§ 841.002(2), .003. This conclusion, combined with the significant evidence supporting it, constitutes legally sufficient evidence in this case. In his factual sufficiency argument, Mr. Pero claims that the jurors should have given more credit to certain "undisputed" evidence. Because the evidence as a whole factually supports the jury's findings, we reject the factual sufficiency challenge as well.

In his third issue, Mr. Pero contends the trial court abused its discretion by refusing to include a jury instruction requiring the jury to find Mr. Pero has "serious difficulty controlling behavior," based on *Kansas v. Crane*, 534 U.S. 407, 413

(2002). In *In re Commitment of Browning*, our sister court concluded that a broad-form submission under Chapter 841 was sufficient to satisfy *Crane*. 113 S.W.3d 851, 863 (Tex. App.—Austin 2003, pet. denied). Though we have not considered this issue directly, in considering the similar argument that evidence was insufficient for failure to support "serious difficulty controlling behavior," we have concluded "that a specific, independent finding on lack of control is not required, and that a broad-form jury charge submission based on the statutory definition of a 'behavioral abnormality' encompasses the lack-of-control determination required by *Crane*." *In re Commitment of Rodriguez*, No. 05-17-00514-CV, 2018 WL 3387363, at \*1 (Tex. App.—Dallas July 12, 2018, pet. denied) (mem. op.) (citing *In re Commitment of Mares*, 521 S.W.3d 64, 67 (Tex. App.—San Antonio 2017, pet. denied); *Browning*, 113 S.W.3d at 863); *see also In re Commitment of Almaguer*, 117 S.W.3d 500, 502–06 (Tex. App.—Beaumont 2003, pet. denied). Today, in overruling Mr. Pero's third issue, we take the small, additional step of joining our sister courts in concluding that the statutory definition of "behavioral abnormality" encompasses the due-process requirements of the United States Constitution, and thus that a jury charge including that definition satisfies federal constitutional substantive due process requirements.[2]

---

[2] Other courts also follow the Austin and Beaumont courts of appeals on this issue: *In re Commitment of Williams*, 539 S.W.3d 429, 446 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (trial court did not abuse discretion by refusing to submit requested instruction concerning serious difficulty controlling behavior); *In re Commitment of Stuteville*, 463 S.W.3d 543, 554 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (same); *see In re Commitment of Smith*, 562 S.W.3d 800, 805–06 (Tex. App.—Amarillo 2018, no pet.)

In his final issue, Mr. Pero complains the trial court erroneously admitted evidence from the State's testifying expert describing the statutory screening process for determining whether a person is eligible to be civilly confined as a sexually violent predator. He concedes that evidence may be admissible if respondents open the door by claiming that State experts find behavioral abnormalities "almost all the time" when they are the "second eyes on the case," but that, absent that door-opening, which he contends did not occur here, the evidence is inadmissible. We review evidentiary issues for an abuse of discretion and will reverse only if the trial court's decision was outside the zone of reasonable disagreement. *In re Commitment of Grice*, 558 S.W.3d 323, 327 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

The sexually violent predator statute contains a screening process aimed at identifying certain convicted persons who potentially have behavioral abnormalities. A multidisciplinary team assesses whether the person is a repeat SVP and whether the person is likely to commit a sexually violent offense after release. TEX. HEALTH & SAFETY CODE § 841.022. If appropriate, the multidisciplinary team recommends that the person be assessed for a behavioral abnormality. *Id*. Upon that recommendation, the Texas Department of Criminal Justice then "use[s] an expert" to "assess whether the person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.023(a). That

---

(explaining that sister courts have agreed separate jury finding is not required); *In re Commitment of White*, No. 14-17-00115-CV, 2018 WL 344063, at *8 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) (mem. op.) (same).

expert "shall make a clinical assessment based on testing for psychopathy, a clinical interview, and other appropriate assessments and techniques to aid the department in its assessment." *Id*. If the result of the assessment is that TDCJ believes the person suffers from a behavioral abnormality, it will give notice to a State attorney, who may then file a petition alleging the person is a sexually violent predator. *Id*. §§ 841.023(a), .041(a). In this case, as in others, the State employed a different expert to review the file, interview the person, and testify at trial.

To the extent Mr. Pero has preserved his issue by objecting to the question, "Prior to [a behavioral abnormality determination] being referred on has there already been an opinion [as to behavioral abnormality] made?" based on Texas Rules of Evidence 403 and 705(d) objections in a motion in limine, we conclude the trial court did not abuse its discretion. *See* TEX. R. EVID. 403 ("Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons"); 705 ("Disclosing Underlying Facts or Data [regarding expert opinion] and Examining an Expert About Them").

In this case, Dr. Dunham did not immediately answer the objected-to question, "Prior to it being referred on has there already been an opinion made?" Instead, after Mr. Pero's counsel objected, the parties engaged in an unrecorded conference at the bench. Therefore, the only basis we can discern for Mr. Pero's objection is the motion in limine, to which he referred the trial court on the record, and which

concerns rules 403 and 705(d).[3] After the bench conference, the State asked a different question, and Mr. Pero did not object, nor is there a record supporting a running objection. That question was "So prior to you coming into these cases I guess can you just give the Jury an understanding of the process? You don't have to go in-depth, just kind of what happens."

Dr. Dunham briefly detailed the procedure outlined in health and safety code sections 841.021, .022, and .023, discussing how there is a first opinion from a forensic psychologist regarding behavioral abnormality to weed out cases that will not go to a second expert. Dr. Dunham explained how in cases where the first psychologist's opinion is that the person has a behavioral abnormality, a second expert is hired, and that was the position he held in this case. Thus, we review the answer to the second, unobjected-to question to the extent it overlaps in part with the objected-to question.

We overrule the rule 705(d) portion of the objection because Mr. Pero has not identified any objected-to testimony—"underlying facts or data" to the expert's opinion—addressed by that rule. Mr. Pero complains on appeal of generalized testimony describing the referral and evaluation process Texas law sets forth to identify sexually violent predators. Dr. Dunham described how he was hired to give

---

[3] In his brief, Mr. Pero complains the testimony "had the effect of informing the jury that another psychologist had also determined that Mr. Pero has a 'behavioral abnormality.'" We understand this complaint to be in the nature of bolstering, but Mr. Pero has not presented a record showing he made a bolstering objection at trial, and thus it is not preserved for our review. TEX. R. APP. P. 33.1; *see In re Commitment of Sawyer*, No. 05-17-00516-CV, 2018 WL 3372924, at *6 (Tex. App.—Dallas July 11, 2018, pet. denied) (mem. op.).

–9–

"a second opinion" and that he sometimes agrees or disagrees with the original doctor, but he gave no testimony specific to this case in the objected-to testimony other than to provide the jury a basis to conclude that another expert had previously determined Mr. Pero had a behavioral abnormality. *Cf. In re Commitment of Jones*, 650 S.W.3d 692, 700–01 (Tex. App.—Fort Worth 2022, pet. denied) (no abuse of discretion to admit testimony that the two testifying experts reviewed prior expert's report as part of basis for their evaluation). Dr. Dunham explained that he had found no behavioral abnormality 71 of 279 times when asked to make these evaluations either as the first or second expert. He did not testify in objected-to testimony that he relied on the process or the prior opinion in his evaluation or conclusion.

Contrary to the facts of the Iowa Supreme Court case Mr. Pero cites, Dr. Dunham never said in the objected-to testimony that he relied on the "winnowing process" in whole or in part to support his opinion as to Mr. Pero's behavioral abnormality. *Cf. In re Detention of Stenzel*, 827 N.W.2d 690, 704 (Iowa 2013). The process testimony here does not implicate rule 705(d) because Dr. Dunham provided no indication in the objected-to testimony that he relied on the process itself as part of the "underlying facts or data" in forming his opinion.

We overrule Mr. Pero's rule 403 complaint as well. Though his briefing on appeal does not specify which portion of rule 403 governs his issue, and though his legal analysis of the actual error is wanting, Mr. Pero seems to argue that Dr.

Dunham's process testimony unfairly prejudiced him, misled the jury, or was needlessly cumulative. *See* TEX. R. EVID. 403.

The probative value of Dr. Dunham's explanation of the process leading to a petition alleging sexually violent predator status is not substantially outweighed by the danger of unfair prejudice, misleading jurors, or needless presentation of cumulative evidence. *See In re Commitment of Basquez*, No. 05-22-00299-CV, 2023 WL 3860434, at *4–5 (Tex. App.—Dallas June 7, 2023, no pet. h.). As we described above, Dr. Dunham's testimony informed jurors of his own unique conclusions based on his extensive evaluation and his perspective on his role, as separate from the prior opinion and as the sole professional opinion at trial. The process testimony took at most four pages of his hundred-page-or-so testimony. Dr. Dunham made no claims that the prior evaluation bolstered his opinion, instead focusing on his evaluation. There is no indication this was misleading or needlessly cumulative.

Nor do we find Mr. Pero's cited authority regarding "unfair prejudice" persuasive. As we suggested in *Cavazos*, one critical distinction between Dr. Dunham's testimony and the *Foster* case Mr. Pero cites was that court's focus and analysis of the prosecutor's opening statement, which advertised the judge's prior probable cause determination and was a naked expression of judicial approval of the State's case. *See In re Commitment of Cavazos*, No. 05-18-00894-CV, 2019 WL 2353446, at *4 n.4 (Tex. App.—Dallas June 4, 2019, pet. denied) (mem. op.); *In re Care and Treatment of Foster*, 127 P.3d 277, 286–87 (Kan. 2006). Dr. Dunham's

statements do not rise to the level of the *Foster* prosecutor's focus on prior judicial approval of Foster's status. We overrule Mr. Pero's fourth issue.

We affirm the trial court's judgment.


211141f.p05

/Cory L. Carlyle/
                                                      
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE THE COMMITMENT OF
DANIEL J. PERO

No. 05-21-01141-CV

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. CV20-70005-
Q.
Opinion delivered by Justice Carlyle.
Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

Judgment entered this 8th day of June, 2023.