**Affirmed and Memorandum Majority Opinion and Concurring Opinion filed July 9, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00382-CV

---

## IN RE THE COMMITMENT OF REX ALLEN TULL

---

### On Appeal from the 262nd District Court
### Harris County, Texas
### Trial Court Cause No. 0995569Z

---

## MEMORANDUM MAJORITY OPINION

The State of Texas filed a petition to civilly commit appellant, Rex Allen Tull, as a sexually violent predator under the Sexually Violent Predator Act. *See* Tex. Health & Safety Code §§ 841.001–.051 (SVP statute). A jury unanimously found beyond a reasonable doubt that Tull is a sexually violent predator. *See id.* §§ 841.003, 841.062(b). The trial court entered a final commitment order under the SVP statute. *See id.* § 841.081. On appeal, Tull raises four issues, challenging the trial court's evidentiary rulings and the jury instructions. *See id.* §§ 841.062(a), 841.146(b). We affirm.

## *Background*

The first time that Tull was accused of a sexual offense was when he was seventeen years old. The complainant was a five-year-old female. In December 1993, Tull was adjudicated of indecency with a child. He was sent to the Texas Youth Commission and discharged on his twenty-first birthday. Tull was later convicted of three sexual offenses in January 2005. The first of these offenses occurred in 1995. He was convicted of sexual assault with a child in that case, and the complainant was a fourteen-year-old female. Tull impregnated the complainant, and she gave birth to Tull's son. The second offense occurred in November 2002. Tull was convicted of aggravated sexual assault of a child. This time, the complainant was his six-year-old son—the child born from his prior sexual assault of the fourteen-year-old complainant. About a month after the second offense, the third offense occurred in December 2002. Tull was convicted of aggravated sexual assault of a child. The complainant was his friends' eight-year-old daughter. Tull received a twenty-year sentence for each of these convictions.

In September 2021, the State filed a petition to civilly commit Tull as a sexually violent predator. At the time of the civil commitment trial, he was serving his sentences. Dr. Darrel Turner, the State's expert, testified at the jury trial. Dr. Turner formally diagnosed Tull with antisocial personality disorder, pedophilic disorder, and two substance abuse disorders (both of which are in sustained remission). Dr. Turner characterized Tull's sexual offending history as sexually deviant and concluded that Tull suffers from a behavioral abnormality. In forming this conclusion, Dr. Turner relied on the scores from two instruments. The first instrument was the Psychopathy Checklist Revised (PCL-R). The PCL-R is a tool that measures the degree of psychopathy traits. It has been shown that sex offenders who score higher are more likely to reoffend. Tull scored a twenty-six, indicating a

severe degree of psychopathic characteristics. The second instrument Dr. Turner relied on was the Static-99R. The Static-99R is an actuarial risk assessment instrument that measures static risk factors. Dr. Turner explained that there are two types of risk factors: static and dynamic risk factors. Static risk factors are those that stay the same, while dynamic risk factors are those that change over time. Tull scored a six, suggesting that he presents a well above average risk of reoffending.

The jury found beyond a reasonable doubt that Tull is a sexually violent predator. The trial court ordered Tull civilly committed until he is no longer likely to engage in predatory acts. Tull filed a motion for new trial, which was overruled by operation of law. This appeal followed.

### *The Issues*

As stated, Tull raises four issues on appeal. In his first three issues, Tull complains of the trial court's evidentiary rulings. In his fourth issue, Tull challenges the trial court's denial of his requested jury instruction. We address each of these issues in turn.

**Disclosure of Underlying Facts and Data.** In his first issue, Tull alleges that the trial court erred in overruling his hearsay objection regarding the disclosure of underlying facts and data relied upon by Dr. Turner in forming his expert opinion. Tull asserts that Dr. Turner impermissibly offered an opinion concerning the truthfulness of the eight-year-old female complainant. According to Tull, Dr. Turner made a credibility determination that should have been reserved for the jury; that is, whether to believe Tull's or the complainant's version of events. Even though the trial court provided a limiting instruction prior to Dr. Turner's testimony regarding the underlying facts or data, Tull insists that the limiting instruction was "derogated." We disagree with Tull's contention because the evidence was not offered for the truth of the matter asserted; rather, the details concerning the prior offense were

reviewed and relied upon by Dr. Turner in forming the basis of his opinion that Tull suffers from a behavior abnormality.

We review a trial court's rulings on the admission of evidence for an abuse of discretion. *In re Commitment of Baiza*, 633 S.W.3d 743, 752 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing U-*Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012)). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Id.* Even if the trial court abused its discretion in admitting evidence, the error is only reversible if it probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *Baiza*, 633 S.W.3d at 752.

Texas Rule of Evidence 801 generally excludes out-of-court statements offered for the truth of the matter asserted. Tex. R. Evid. 801; *Fischer v. State*, 252 S.W.3d 375, 378 (Tex. Crim. App. 2008). But, experts may testify to the facts and data underlying their opinions, even if that basis includes hearsay, if the probative value outweighs the prejudicial effect. Tex. R. Evid. 705(d); *In re Commitment of Winkle*, 434 S.W.3d 300, 315 (Tex. App.—Beaumont 2014, pet. denied). If the court allows evidence under Rule 705(d), then it must also "upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly." Tex. R. Evid. 705; *In re Commitment of Grice*, 558 S.W.3d 323, 327 n.4 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In an SVP case, an expert's opinion regarding risk assessment is pivotal, and it is important for a jury to be able to consider and scrutinize how the testifying expert arrived at his opinion in order for the jury to arrive at its own conclusion. *See Winkle*, 434 S.W.3d at 315.

The State questioned Dr. Turner about the sexual assault of the eight-year-old female complainant. Dr. Turner testified that Tull sexually assaulted the complainant on Christmas Day of 2002, about a month after Tull sexually assaulted his son. Dr.

Turner described the version of events reported by Tull. The State queried if Tull's version of events differed from the events reported by the complainant. Dr. Turner expressed that Tull's and the complainant's versions of events were different, but before Dr. Turner could expound on the differences, Tull objected to the hearsay information under Rules 403 and 705 and the Confrontation Clause.[1] The State responded that Dr. Turner previously testified that he reviewed and relied upon the details of this prior offense (as well as other information), and these details formed the basis of his expert opinion. The State emphasized the limiting instruction that was given prior to Dr. Turner's testimony and asserted that the details of the offense supported Dr. Turner's opinion that Tull suffered from a behavior abnormality. After overruling Tull's objection, the trial court allowed Dr. Turner to continue with his testimony. Dr. Turner explained that the complainant's version of events was more assaultive in nature as opposed to the less assaultive and less violent version of events provided by Tull. Dr. Turner also added that Tull was high on methamphetamines at the time of the offense, a risk factor related to sexual recidivism.

In this case, any prejudicial effect of providing the basis for Dr. Turner's opinion was mitigated by the trial court's limiting instruction, which explained the evidence's scope and purpose. *See Winkle*, 434 S.W.3d at 315; *see also* Tex. R. Evid. 705(d). The trial court told the jury that the evidence was being presented for the sole purpose of showing the basis of Dr. Turner's expert opinion and could not be considered as evidence to prove the truth of the matter asserted. Indeed, the trial

---

[1] At trial, Tull alleged the trial court's ruling violated the Confrontation Clause. On appeal, he does not cite to authority relevant to this issue or provide any substantive argument. Thus, any such challenge is, therefore, waived. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.").

court read the limiting instruction provided by Tull, and there is no evidence that Tull requested a different or additional instruction. Absent evidence to the contrary, we presume the jury followed the court's limiting instruction. *See In re Commitment of Stuteville*, 463 S.W.3d 543, 555 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Accordingly, we hold the trial court did not abuse its discretion, overrule Tull's first issue, and move on to his second and third issues, which we will analyze together as they raise similar arguments.

**Admissibility of Evidence.** Tull's second and third issues complain of the admissibility of evidence concerning his membership in a cult. In his second issue, Tull asserts that the trial court admitted evidence of his cult involvement without requiring an explanation of the cult's identity and activities.[2] In his third issue, Tull contends that the trial court committed error in overruling his unfair prejudice objection to the testimony regarding his cult activities. Tull suggests that the word "cult" necessarily evokes certain emotions, and the probative value of this evidence is substantially outweighed by a danger of unfair prejudice.

All relevant evidence is generally admissible. Tex. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Tex. R. Evid. 401. But, under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

---

[2] On appeal, Tull invites this court to rely on three cases to support his contention that the State failed to provide an explanation of the cult's identity and activities. In essence, Tull's second issue is a veiled lack of foundation challenge. We need not wade into the merits of this issue challenging the State's failure to lay a proper foundation to introduce evidence of Tull's cult activity because this issue was not raised in the trial court. To preserve an error for appellate review, the complaining party must make a specific objection in the trial court. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a).

Tex. R. Evid. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007)).

In this case, the consequential fact was whether Tull suffered from a behavior abnormality that made him more likely to commit acts of predatory sexual violence in the future. Tex. Health & Safety Code § 841.003(a)(2). The State relied on Dr. Turner's testimony to show that Tull suffers from a behavioral abnormality. Dr. Turner testified that he considers a person's overall history when doing a behavioral abnormality evaluation. Dr. Turner explained that there are variables in a person's life, such as substance abuse, addiction, and criminal history, that are important in determining antisociality, which relates to a behavioral abnormality assessment. Dr. Turner's opinion that Tull suffers from a behavioral abnormality was based, in part, on Tull's childhood and history of physical and sexual abuse. Dr. Turner characterized Tull's childhood as "being pretty awful," explaining that Tull was kicked out of his home at nine years old, victimized and abused, in and out of facilities during his youth, and introduced to drugs at an early age. Dr. Turner stated that Tull was involved in a gang until he was incarcerated and also involved with a cult. Dr. Turner spoke with Tull about his gang participation but learned of Tull's cult involvement from Tull's prior deposition. Dr. Turner generally testified that he relied upon these details, among others, in forming the basis of his opinion that Tull suffers from a behavioral abnormality.

Reviewing the record, the danger of unfair prejudice did not substantially outweigh the probative value of Dr. Turner's brief testimony regarding Tull's cult involvement. The jurors in this case were informed of Tull's criminal history from his first juvenile adjudication for indecency with a child when he was seventeen

years old to his most recent convictions of sexual assault and aggravated sexual assault. The jury heard how Tull impregnated the fourteen-year-old complainant and later sexually assaulted his biological son. The evidence presented to the jury provided an overview of the high-risk activities in which Tull engaged while a member of a gang and abusing drugs; therefore, any harm would not be significant in revealing his cult membership. Because the danger of unfair prejudice did not substantially outweigh the probative value of Dr. Turner's testimony regarding Tull's cult involvement, we hold that the trial court, under these circumstances, did not abuse its discretion by admitting this testimony. *See* Tex. R. Evid. 403.

Even if this evidence had been substantially more prejudicial than probative such that it should have been excluded, a reversal would be warranted only if its admission "probably caused the rendition of an improper verdict" or "probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a). Because Tull does not otherwise challenge the trial court's judgment that he is a sexually violent predator as defined in section 841.003 of the SVP statute—that is, he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence—we conclude that the weight of the evidence in this case is overwhelmingly against Tull such that admission of Dr. Turner's cult membership testimony, even if erroneous, was harmless. *See* Tex. Health & Safety Code § 841.003; Tex. R. App. P. 44.1(a). Therefore, the trial court did not abuse its discretion in admitting Dr. Turner's testimony on this matter.

Having already concluded that Tull's second issue was not preserved for our review because it was not raised in the trial court, we now overrule his third issue and turn to his remaining issue on appeal.

**Requested Jury Instruction.** In his final issue, Tull asserts the trial court

erred by refusing his requested jury instruction, which reads as follows:

> All persons are presumed not to be a sexually violent predator and no person may be determined to be a sexually violent predator unless the State proves each element in its cause of action beyond a reasonable doubt. The fact that [Tull] has been alleged to be a sexually violent predator by the State of Texas gives rise to no inference of him being a sexually violent predator at his trial.

We review a trial court's refusal to submit a jury instruction for an abuse of discretion. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); s*ee, e.g., In re Commitment of Williams*, 539 S.W.3d 429, 444–46 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "A trial court may refuse to give a requested instruction or definition that is not necessary to enable the jury to render a verdict, even if the instruction or definition is a correct statement of law." *Stuteville*, 463 S.W.3d at 554. We will not reverse a judgment for charge error unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting his case on appeal. *Thota*, 366 S.W.3d at 687; *Williams*, 539 S.W.3d at 444.

Here, the trial court did not abuse its discretion by denying Tull's requested jury instruction because the charge submitted to the jury included instructions substantially similar to those requested by Tull. Specifically, the charge instructed the jury as follows:

> A "yes" answer must be based on a belief beyond a reasonable doubt. The burden of proof in this case rests solely on the [State] and the burden never shifts to [Tull] to prove that he is not a sexually violent predator. This means the [State] must prove each element of its cause of action beyond a reasonable doubt. If you do not find beyond a reasonable doubt that the evidence supports a "yes" answer, then answer "no."

These instructions provided the jury with substantially the same information as that requested by Tull's instruction: that the State must prove each element of its

case beyond a reasonable doubt and, if it cannot, the jury cannot find that Tull is a sexually violent predator. The trial court therefore did not abuse its discretion by denying Tull's requested instruction and did not err. *See Thota*, 366 S.W.3d at 687.

We overrule Tull's fourth issue.

### *Conclusion*

We affirm the trial court's final order of commitment.

/s/ Frances Bourliot
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain. (Spain, J., concurring).